**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ENERGY & ENVIRONMENT LEGAL INSTITUTE**<br>**722 12th St., NW, 4th Floor**<br>**Washington, D.C. 20005**<br><br>**FREE MARKET ENVIRONMENTAL LAW CLINIC**<br>**3033 Wilson Boulevard**<br>**Suite E576**<br>**Arlington, VA 22201-3843**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**<br>**1200 Pennsylvania Avenue, NW**<br>**Washington, DC 20460**<br><br>**Defendant.** | ) | **Civil Action No.** 17-909 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal") and FREE MARKET ENVIRONMENTAL LAW CLINIC ("FME Law") for their complaint against Defendant UNITED STATES ENVIRONMENTAL PROTECTION AGENCY ("the Agency" or "EPA"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production of records in response to one FOIA request to which EPA has not sent the required response in accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

2. Plaintiffs further narrowed the request by excluding, e.g., press clippings, such as news accounts or opinion pieces, if that correspondence has no comment or no substantive comment added by any party.

3. Plaintiffs requested fee waivers as provided by FOIA, due to the public interest in the information the records address, and the media and educational status of each requester.

4. EPA has not acknowledged receipt of plaintiffs' request, nor granted the request for a fee waiver. It has not responded in any way.

5. EPA has not estimated the volume of responsive records, or the FOIA exemptions which might apply to such records, or the timeframe during which plaintiffs could expect a response.

6. EPA therefore has not responded to the plaintiffs' request.

7. Accordingly, plaintiffs file this lawsuit to compel the EPA to comply with the law and produce the properly described public records in this FOIA request.

## PARTIES

8. Plaintiff Energy & Environment Legal Institute ("E&E Legal") is a nonprofit research, public policy and public interest litigation center incorporated in Virginia, with offices in Washington, DC. E&E Legal is dedicated to advancing responsible regulation and, in particular, economically sustainable environmental and energy policy. E&E Legal's programs include analysis, publication, and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

9. Plaintiff Free Market Environmental Law Clinic ("FME Law") is a nonprofit public policy-based research, and public interest litigation center incorporated in Virginia, with offices in Washington, DC. FME Law is dedicated to advancing responsible regulation and in particular economically sustainable environmental policy, and training law students and young lawyers in advocacy. FME Law's programs include publication, litigation and include a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

10. Defendant EPA is a federal agency headquartered in Washington, DC whose stated mission is to "protect human health and the environment."

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this brought in the District of Columbia, and because plaintiffs and the defendant all maintain offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

12. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## FACTUAL BACKGROUND

13. In its February 23, 2017 request for public records, plaintiffs sought a specific and tailored population of email correspondence and attachments involving three named Agency employees, which correspondence was with or which referenced certain outside actors, and also used one of three other keywords, over a specified period of time.

**Defendant's Reply and Subsequent Proceedings**

14. Defendant owed a substantive response to plaintiffs within 20 working days from this request, on or before March 23, 2017, which it has failed to provide, in violation of the statutory time limit.

15. Now more than six weeks past its deadline, EPA has provided no records, or response or even acknowledgement of any kind. It has failed to provide a schedule of production and what exemptions it might claim under FOIA, or otherwise comply with FOIA's requirements within that 20-day timeframe. *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

16. By failing to respond to plaintiffs' request in the required time in violation of statutory deadlines, defendant has also waived any ability to now seek fees.

17. Plaintiffs have constructively and actually exhausted the administrative process as regards this request, both because of EPA's failure to abide by FOIA's statutory deadlines, and because EPA has not properly advised plaintiffs of the finality of its decisions or any relevant appellate rights.

**ARGUMENTS**

18. Transparency in government is the subject of high-profile executive branch promises arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

19. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible*

*Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

20. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II). In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period. EPA did not seek additional information from plaintiffs regarding the request at issue in this suit.

21. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59. To underscore Congress's belief in the importance of the statutory time limit, the 2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

22. Defendant EPA owes plaintiffs records responsive to the request at issue in this suit, which request reasonably described the information sought and was otherwise filed in

compliance with applicable law, subject to legitimate withholdings, and has failed to provide responsive records or any substantive response in violation of statutory deadlines.

23. Further, should the EPA cross-complain or otherwise argue that its failure to perform is because it is due fees, plaintiffs notes that defendant has waived fees and/or waived its ability to assess fees under § 552(a)(4)(A)(viii) by failing to substantively respond to plaintiffs within the statutory deadline(s). The EPA, therefore, has waived all fees and must produce the requested documents as required by law.

**FIRST CLAIM FOR RELIEF**
**Seeking Declaratory Judgment**

24. Plaintiffs re-allege paragraphs 1-23 as if fully set out herein.

25. Plaintiffs have sought and been denied production of responsive records reflecting the conduct of official business, because defendant has failed to substantively respond pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

26. Plaintiffs ask this Court to enter a judgment declaring that:

a. The EPA's correspondence as specifically described in plaintiffs' FOIA request described, *supra*, is subject to release under FOIA;

b. The EPA must release those requested records or segregable portions thereof subject to legitimate exemptions;

c. The EPA may not assess or seek costs and fees for the request at issue in this case, as plaintiffs are entitled to a waiver of their fees.

**<u>SECOND CLAIM FOR RELIEF</u>**
**Seeking Injunctive Relief**

27. Plaintiffs re-allege paragraphs 1-26 as if fully set out herein.

28. Plaintiffs are entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiffs' FOIA request, without fees, subject to legitimate withholdings.

29. Plaintiffs ask the Court to order the defendant to produce to plaintiffs, within 10 business days of the date of the order, the requested records described in plaintiffs' FOIA request, subject to legitimate withholdings.

30. Plaintiffs ask the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiffs receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiffs' challenges to defendant's withholds and any other remaining issues.

**<u>THIRD CLAIM FOR RELIEF</u>**
**<u>Seeking Costs and Fees</u>**

31. Plaintiffs re-allege paragraphs 1-30 as if fully set out herein.

32. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

33. Plaintiff are statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA request at issue in this case.

34. Plaintiffs ask the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiffs request the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 15th day of May, 2017,

By Counsel:

Chaim Mandelbaum

Chaim Mandelbaum, Esq.
D.D.C. Bar No. VA 86199
726 N. Nelson St, Suite 9
Phone: (703) 577-9973
chaim12@gmail.com